UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRENDA HURST<br>Plaintiff | * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE: |
| SAFECO INSURANCE COMPANY<br>OF AMERICA<br>Defendant | * * * * | MAGISTRATE: |

## NOTICE OF REMOVAL

Safeco Insurance Company of America ("Safeco") respectfully submits this Notice of Removal. In support of this Notice of Removal, Safeco states as follows:

### INTRODUCTION

1. On August 14, 2023, Plaintiff Brenda Hurst commenced this action in state court. *See* State Court record, attached as Exhibit A, *in globo*.

2. Plaintiff alleges domicile in St. Helena Parish, Louisiana and ownership of the property located at 23 Collins Chaney Lane, Greensburg, Louisiana that is the subject of this litigation. Petition at ¶¶ 1, 3, 7.

3. Plaintiff Brenda Hurst is registered to vote in St. Helena Parish, Louisiana. Exhibit B, Brenda Hurst Voter Registration.

4. Plaintiff is a citizen of Louisiana.

5. Plaintiff alleges that the property located at 23 Collins Chaney Lane, Greensburg, Louisiana sustained damage from Hurricane Ida. Petition at ¶¶ 5–6.

6. The Petition names Safeco Insurance Company of America as defendant. Petition at ¶ 1.

7. Safeco Insurance Company of America is a diverse, non-Louisiana citizen.

8. This action was filed in the 21st Judicial District Court, Parish of St. Helena, State of Louisiana, captioned *Brenda Hurst versus Safeco Insurance Company of America*, Docket no. C-25135, Div. "E."

9. Prior to filing suit, Plaintiff sent an estimate from Veteran Adjusters seeking $82,727.53, including $76,247.53 in dwelling damage and $6,480 in contents damage. *See* Exhibit C and C-2, Demand.

10. Even considering the $8,148 deductible and prior payments of $778.86 under the other structures coverage, Plaintiff seeks an additional $68,099.53 in dwelling damage and $6,480 in contents damage, or $74,579.53 total.

11. The estimate alone evidences that the amount in controversy exceeds $75,000. *See Dana Gauthier v. Liberty Mutual Insurance Company*, No. 22-00115 (W.D. La. 02/22/2022) (recognizing that a contractual dispute of only $30,000, accompanied by claims for penalties, damages, and fees under Revised Statutes 22:1892 and 22:1973, satisfies the jurisdictional threshold for removal).

12. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for Plaintiff's claim exceeds the sum of $75,000, exclusive of interests and costs.

13. The 21st Judicial District Court, Parish of St. Helena, State of Louisiana, is a state court within the Middle District of Louisiana.

14. Safeco has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

## REMOVAL IS TIMELY

15. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

16. The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

17. Plaintiff filed suit on August 14, 2023, and Safeco was served with the petition on September 5, 2023. *See* Exhibit A.

18. This removal is being filed within thirty (30) days of service of the petition on Safeco. 28 U.S.C. § 1446.

19. Plaintiff filed the petition on August 14, 2023, so the original notice of removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDITION

20. The Court has original diversity jurisdiction over Plaintiff's claim because the parties are completely diverse, and Plaintiff's alleged damages exceed $75,000 as demonstrated by Plaintiff's estimate and disputed claims for additional damages, bad faith penalties, and attorney fees.

### *The Parties Are Completely Diverse*

21. Plaintiff is domiciled in Louisiana.

22. Plaintiff alleges domicile in in St. Helena Parish, Louisiana and ownership of the property located at 23 Collins Chaney Lane, Greensburg, Louisiana that is the subject of this litigation. Petition at ¶¶ 1, 3, 7.

23. Plaintiff Brenda Hurst is registered to vote in St. Helena Parish, Louisiana. Exhibit B, Brenda Hurst Voter Registration.

24. Accordingly, the Plaintiff is a Louisiana citizen.

25. Safeco Insurance Company of America is a company organized and existing under the law of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* La. Department of Insurance Form, attached as Exhibit D. Accordingly, Safeco Insurance Company of America is a citizen of New Hampshire and Massachusetts for the purposes of diversity jurisdiction.

26. As Plaintiff and Safeco Insurance Company of America are citizens of different states, complete diversity exists for purposes of 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441.

### *The Amount in Controversy Exceeds $75,000*

27. Safeco, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

28. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

29. Prior to filing suit, Plaintiff sent an estimate from Veteran Adjusters seeking $82,727.53, including $76,247.53 in dwelling damage and $6,480 in contents damage. *See* Exhibit C and C-2, Demand

30. Here, Plaintiff seeks damages under Safeco Insurance Company of America homeowners policy number OF2869993 with coverage limits of limits of $407,400 for the dwelling, $40,740 for other structures, $203,700 for contents, and $81,480 for loss of use. *See* Declaration, attached as Exhibit C, and Exhibit C-1 (Policy). The deductible is $8,148. *Id.*

31. To date, Safeco has paid Plaintiff $778.86 under the other structures coverage. *See* Declaration, attached as Exhibit C.

32. When the prior payments of $778.86 under the other structures coverage and the $8,148 deductible are subtracted from the alleged $76,247.53 in dwelling damage and $6,480 in contents damage, Plaintiff seeks an additional $68,099.53 in dwelling damage and $6,480 in contents damage, or $74,579.53 total.

33. Among other claims, Plaintiff also claims damages, bad faith penalties, and attorney fees, bringing the amount in controversy well above $75,000.[1] Petition at ¶ 25 and prayer.

34. Potential bad faith penalties, damages, and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction.[2] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's

---

[1] Safeco specifically denies that any bad faith penalties, attorney fees, or additional damages are owed.
[2] Safeco specifically denies that any bad faith penalties, damages, or attorney fees are owed.

fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co.*, No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

35. Under Louisiana law, potential bad faith penalties, damages, and fees are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973.

36. The potential penalty assessed under Louisiana Revised Statute 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (emphasis added).

37. The potential penalty assessed under Louisiana Revised Statute 22:1892 is 50 percent of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. R.S. 22:1892(B)(1).

38. A fifty percent penalty on $74,579.53 is $37,289.77, bringing the amount in controversy to $111,869.30 before consideration of any other claims of Plaintiff.

39. Attorneys' fees are recoverable under Louisiana Revised Statute 22:1892 under certain circumstances. *Id*.

40. Plaintiffs' claims for bad faith penalties and attorneys' fees under Louisiana Revised Statutes 22:1892 and 22:1973 push the amount in controversy well above the jurisdictional limit, although Safeco specifically disputes the claims.

41. The amount in controversy requirement is clearly met.

## CONCLUSION

42. In conclusion, there exists complete diversity of citizenship between Plaintiff and Safeco. Plaintiff has presented to Safeco an estimate for alleged hurricane damage seeking $82,727.53, including $76,247.53 in dwelling damage and $6,480 in contents damage. Even when prior

payments and the deductible are considered, the amount in controversy requirement is clearly met. The amount in controversy is well above $75,000, although Safeco disputes these claims. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, Safeco respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

        Respectfully submitted,

        */s/ Christopher W. Smith*
        H. Minor Pipes, III, 24603
        Patrick J. Lorio, 38328
        Christopher W. Smith, 35324
        PIPES | MILES | BECKMAN, LLC
        1100 Poydras Street, Suite 3300
        New Orleans, Louisiana 70163
        Telephone: (504) 322-7070
        Fax: (504) 322-7520
        mpipes@pipesmiles.com
        plorio@pipesmiles.com
        csmith@pipesmiles.com

        *Attorneys for Safeco Insurance Company of America*